[S.F. Nos. 24988, 24703. July 13, 1987.]

RICHARD G. ALBERTON, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Richard G. Alberton, in pro. per., Edward S. Levinson and Peter di Donato for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Richard J. Zanassi and Tom Low for Respondent.

**OPINION**

**THE COURT.**—We have consolidated two separate State Bar proceedings recommending that Richard G. Alberton, who was admitted to practice in 1950, be disbarred. S.F. 24703 is a rule 955 referral where the State Bar Hearing Panel and Review Department found that Alberton wilfully failed to comply with the provisions of rule 955, California Rules of Court. In S.F. 24988, Alberton was found to have committed various acts of misconduct in his capacity as attorney for an estate and trustee of a testamentary trust.

██ We conclude that the recommendation of disbarment is fully warranted and adopt it.

*S.F. 24988*

In S.F. 24988, the hearing panel found: Alberton had prepared a will for Mr. Vivian Skogsberg which appointed Alberton as coexecutor without fees, as attorney for the estate with statutory fees, and as trustee of a testamentary trust with fees to be approved by the court. Shortly after Mr. Skogsberg's death in July 1973, Alberton met with decedent's wife, Mrs. Wesley Skogsberg, who paid him $600 as fees at Alberton's request even though no probate proceedings had been commenced or court approval obtained.

Alberton thereafter commenced probate proceedings and was appointed coexecutor. In April 1975, the court ordered preliminary distribution of two promissory notes to Alberton as trustee for the benefit of Mrs. Skogsberg, life tenant, and her daughter Kathy W., remainderman. The distribution

was at the request of Mrs. Skogsberg for the purpose of using one of the notes with a face value of $38,000 as collateral for a $6,000 loan to cover her medical expenses. Payments on the note were received directly by Mrs. Skogsberg; she also made the payments on the $6,000 loan.

After Mrs. Skogsberg's death in January 1978, Alberton began receiving the monthly payments of $295.60 from the note. He did not, however, place the payments in a trust account, but rather sent them sporadically to Kathy W., the remainderman. From June through December 1979, Alberton failed to forward the payments to Kathy W. Alberton took four of those monthly payments—a total of $1,182.40—for himself as fees without W.'s advance knowledge or consent and without any court approval. Kathy W. and her husband made numerous requests during 1978 and 1979 for prompt submission of the monthly payment checks, but the requests were to no avail.

Although the total amount of fees taken—approximately $1,800—was not unconscionable, the failure to have obtained court approval rendered it misappropriation. Alberton failed to maintain proper records and to deliver promptly the monies received for Kathy W.'s benefit. He thus failed to use reasonable diligence and dispatch in the affairs of the probate and trust estates.

Alberton failed to investigate the assets or possible assets of the estate, failed to prepare state inheritance tax documents, and failed to determine the status of one of the promissory notes, recovery on which may or may not have been barred by the statute of limitations.

Alberton failed to follow through on his promise to produce a copy of the insurance on the property securing the $38,000 note. He also failed to ascertain the existence of such insurance in 1978 and who was responsible for providing it. As a result Kathy W. had to spend $800 for insurance which may have been the obligation of the debtor.

Alberton testified that the fees taken by him from the notes were by prearrangement with Mrs. Skogsberg, but he provided no explanation for his disregard of the requirement of obtaining court approval. The hearing panel found Alberton's testimony evasive and deliberately misleading at times.

In recommending disbarment, the hearing panel took into account Alberton's record of four prior disciplinary matters. He was privately reproved twice for failing to perform services during 1973 and 1974. He was publicly reproved in 1983 for obtaining from a client, without proper disclosures and

advice, $30,000 for investment in a business in which Alberton was financially interested. In 1984, we placed Alberton on probation for five years on conditions including one year of actual suspension and passing the Professional Responsibility Examination for misappropriating a client's funds and acting incompetently in representing the client. We also ordered him to comply with the provisions of rule 955, California Rules of Court. (*Alberton v. State Bar* (1984) 37 Cal.3d 1 [206 Cal.Rptr. 373, 686 P.2d 1177].) Alberton has not passed the Professional Responsibility Examination and thus remains suspended.

As noted, both the hearing panel and the review department recommend disbarment in S.F. 24988. The hearing panel commented that it detected little mitigation and that the materials submitted by Alberton demonstrated a total lack of insight into the nature of his problems with the State Bar. After repeated exposures to the disciplinary process for obvious and correctable acts and omissions, Alberton continues to act in disregard of the Rules of Professional Conduct. The hearing panel concluded that "by virtue of his temperament, previous conduct and attitude towards the Bar and professionalism, the prospect of his rehabilitation is nil."

### S.F. 24703

In S.F. 24703, the hearing panel found that Alberton wilfully failed to comply with the provisions of rule 955, California Rules of Court, in a number of respects. He had been ordered to perform the acts specified in subdivisions (a) and (c) within 30 and 40 days respectively after the effective date of our order. Our order was effective October 20, 1984; his suspension began at that time. He should have given notice to the court, clients, and opposing counsel—as required by subdivision (a)—by November 20, 1984; by November 30, 1984, he should have filed an affidavit with us—as required by subdivision (c)—stating that he had performed such acts.

On December 29,1984, Alberton wrote a letter on behalf of a Mr. Patel giving a legal opinion regarding the validity of a proposed business transaction. Alberton signed the letter with his name and stated it was for the law firm of Evans & Farber. Alberton was not a member of that law firm, and there was no evidence he had been authorized to act on its behalf. Alberton gave neither written not oral notification to Patel that he had been suspended from practice.

On November 18, 1984, Alberton wrote a letter as attorney for Heritage Realty to opposing counsel, enclosing a notice of deposition. He did not advise the client, the court, or opposing counsel of his suspension. Opposing

counsel, however, was aware of Alberton's suspension and so informed the court.

After his suspension, Alberton informed his client Loretta Mouber of it by telephone. He continued participating in her appeal, however, by obtaining what he described as an "assignment" from Mouber. Alberton notified neither the court nor opposing counsel of his suspension.

Alberton was attorney of record for Mr. and Mrs. D'Hondt at the time of his suspension. Sometime after January 15, 1985, he sent them an undated letter advising them of his suspension. Although they never received the letter, they were informed of Alberton's suspension during a telephone conversation with him about January 24, 1985. Alberton did not advise them to seek other counsel and did not advise the Court of Appeal of his suspension as late as March 27, 1985, when he received a letter from the court notifying him that the respondent's brief was due.

By declaration dated January 20, 1985, Alberton advised this court that he had notified clients, opposing counsel and appropriate courts of his suspension. He did not prepare or maintain records of his compliance with the notification provisions of rule 955, subdivision (a), as required by subdivision (d) of that rule.

In recommending disbarment, the hearing panel considered Alberton's previously mentioned record of prior discipline. It also commented that the record was replete with evidence that Alberton had continued to practice while suspended. Alberton had exhibited no remorse and, indeed, appeared not to have accepted the fact of his suspension; as in the prior proceedings, there was a patent failure to acknowledge any wrongdoing.

The review department adopted the hearing panel's findings and recommendation. It also recommended that we include in our order a requirement that Alberton comply with the provisions of rule 955 of the California Rules of Court.

The bulk of Alberton's argument and supporting documentation relates to the court's action in December 1982, denying his petition for review of the State Bar's recommendation of public reproval. He asserts that we acted unfairly in subjecting him to our newly adopted policy of not automatically granting writs of review when public reproval is recommended. In August 1984, Alberton sought to disqualify from his then pending case—*Alberton v. State Bar, supra,* 37 Cal.3d 1—those justices who had voted to deny his petition for review of the public reproval. We treated the document as a motion to recuse and denied it on August 28, 1984. Alberton continues to

dispute the validity of the denial of his recusal motion in August 1984. He asserts that the suspension order was invalid since the denial of the recusal motion was erroneous.

Alberton has little to say about the current findings. He asserts that he served Mrs. Skogsberg with unique compassion and received less than the fees to which he was entitled. That may be true, but it does not undermine any of the findings and conclusions on the Skogsberg matter.

On the rule 955 matter, Alberton asserts that the decision suspending him was void because of the justices' refusal to recuse themselves. Alberton also asserts that he had told Mr. Patel of his suspension and that the finding to the contrary was incorrect. He provides no citation to the record, however, and our review of it fails to disclose any statement by Alberton that he had so informed Patel. Alberton's other references to the rule 955 findings provide explanations of his conduct but fail to undermine the findings regarding his failure to notify clients, counsel, and the court, as required by rule 955 of the California Rules of Court. Such notices are to be in writing, sent by registered or certified mail, and the attorney is required to keep record of the steps taken by him to comply with the provisions of rule 955. (See rule 955, subds. (a), (b), (c), Cal. Rules of Court.)

Disbarment clearly appears necessary for the protection of the public. Alberton's testimony and written materials reveal a basic unwillingness or inability to comply with the professional obligations and rules of conduct imposed on lawyers. Alberton has a long record of misconduct, and his present stance portends no hope of any improvement.

It is ordered that Richard G. Alberton be disbarred from the practice of law and that his name be stricken from the roll of attorneys.[1] This order is effective 30 days after the filing of this opinion.

---

[1] Alberton was ordered to comply with the provisions of rule 955 of the California Rules of Court when he was suspended from practice in 1984. Since he has remained under suspension in that proceeding, a rule 955 requirement is not included here.